# Inslee *v.* Jones.

[September 9, 1845.]

The business of a real estate broker is to find a purchaser, not to make the bargain: his duty is complete when he introduces the purchaser to his employer.

The custom to pay real estate brokers one per cent. on the amount of their sales, as a compensation for their services, where it is certain, uniform, and generally understood, is binding on persons employing them.

THIS was an action of *assumpsit* to recover the amount of commissions or brokerage, alleged to be due to the plaintiff for negotiating the sale of certain real estate for the defendant.

It appeared, by the testimony, that, on the 12th of September, 1839, the defendant employed the plaintiff to sell a farm of 640 acres, with a mansion-house and appurtenances, situated about ten miles from the city of Philadelphia. The plaintiff registered the property in his books, with a description of its qualities, locality and price, ($100,000) in the usual manner. The property was subsequently (in 1844) sold for $75,000, and the plaintiff thereupon claimed a commission of one per cent. for effecting the sale.

The defendant insisted that the sale had not been effected by the plaintiff, but by Emlen & Fisher, who were also real estate brokers. It was proved that the property was registered in the office of Emlen & Fisher, who had advertised it for sale, and now claimed the brokers' commission. The purchaser first obtained a knowledge of the property being for sale through these advertisements; but an interview between the defendant and the purchaser, which finally resulted in a sale of the premises, was effected by the plaintiff, and took place at his office.

It was also in proof that when the plaintiff presented his

[ Inslee *v.* Jones. ]

claim, the defendant said it was too much, and subsequently offered to pay $200. A number of conveyancers and real estate brokers were examined, who proved that it was the universal custom to charge a commission of one per cent. on all sales of real estate, where the sale is effected by them, or through their registry or advertisement.

*Brightly* and *Clarkson*, for plaintiff.
*H. M. Phillips* and *M'Ilvaine*, for defendant.

SERGEANT, J.—In his charge to the jury, said that the question involved in this case was, in some measure, a novel one; real estate brokers being a professional class of recent origin. Conveyancers formerly attended to the purchase and sale of real estate, with their other business, and kept such a register of property as has been produced in this case. Brokers have, for several years, taken this business in hand; and the question of their compensation involves some nicety, as it depends upon a usage said to exist among them and those with whom they deal. It is contended that the plaintiff, who belongs to this profession, is not a mere agent, to be paid according to the value of his services; nor is he to be regarded, it is argued, in the light of an executor, guardian or trustee, who are paid in proportion to the trust reposed in them, and the labour, risk and importance of their employments. Here there is, it is said, a custom; and if the jury are satisfied that this custom really exists, that it is uniform, universal and generally understood, it will form the law of this case, and take the question out of the general rule. If the jury are satisfied that this custom of paying the broker who sells real estate for another, one per cent. as a compensation for effecting or bringing about the sale, they must also say how far this custom applies to the present case. The jury are to decide (where there are several brokers employed, as in this case,) who is to be paid the one per cent. on the

[Inslee *v.* Jones.]

sale; whether each is to receive this compensation, or whether it is to be divided between them, according to their respective merits and services. The witnesses have not explained what the custom is on this subject, and you must determine this branch of the question upon the best light you have. It appears by the testimony, that the broker who is entitled to the one per cent. is he who is employed to effect the sale, and who actually does effect the sale, or brings the sale about. He is employed to find a purchaser, not to make the bargain; and his duty appears to be complete if he introduces the purchaser to his employer. The principal, in such cases as this, always reserves the right to make the contract, while the agent merely brings him a customer or purchaser. These agencies are extremely useful to society, and in all commercial countries are very numerous: a man could perhaps attend to his own lawsuits, but it is more to his interest to employ an attorney for that purpose, and attend to his cornfield or his workshop.

The learned judge concluded by observing, that if the plaintiff was the broker by whom the purchaser of the defendant's property was introduced to the defendant, the jury were to say whether he was the only broker acting in the matter, and whether he was entitled to the whole, or only a part of the one per cent. commission.

The jury found a verdict for the plaintiff for $406,66.*

---

* A usage which is to govern a question of right, should be so certain, uniform and notorious, as probably to be known to, and understood by, the parties, as entering into their contract. It cannot be proved by single, isolated instances. *Cope* v. *Dodd,* 1 Harris 37. The ancient, established, uniform and known custom of persons engaged in any trade, makes a law for that trade: it is their way of doing business. It is the rule to which all who enter that trade are understood to consent. It makes, supplies and construes their contracts. *Wilcocks* v. *Phillips' Executors,* Wall. Jr. 64.